Charles Friedman and Blanche Friedman and Mid-City Trust and Savings Bank, Trustee, Appellees, v. Employers' Fire Insurance Company, Appellant.

**Gen. No. 44,549.**

Opinion filed December 15, 1948. Released for publication January 5, 1949.

McKinney, Hough & Carlson, of Chicago, for appellant.

Krohn & MacDonald and Bernard Fleischman, both of Chicago, for appellees.

Mr. Justice Kiley delivered the opinion of the court.
This is an action upon an insurance policy for indemnity against loss through damage, by wind, to plaintiff's building. The verdict of the jury was for plaintiff in the amount of $700. Defendant appeals from the judgment on the verdict.

The building insured was a two story building at 659 West Madison Street, Chicago. This location is on the south side of the street. The building was 25 feet wide, 180 feet long at first floor level and 120 feet long at second floor level. A skylight located in the center of the roof was 60 feet long, north and south, and in the shape of an inverted "V" with a 35 degree pitch to the sides of the ceiling. The center ridge of the ceiling was about 20 feet, and the rest of the ceiling about 10 feet, above the roof. The skylight had steel supports and the ceiling was of fireproof glass, glass covered with metal strips. Damage to the skylight on March 3, 1946 is the basis of the suit.

The insurance policy, dated November 1, 1944, was for $15,000, called for an annual premium of $126.53 and was to expire November 1, 1949. Though the face amount of the policy was $15,000, liability was limited to "no greater proportion of any loss than the amount hereby insured bears to eighty (80) per cent of the actual cash value" at the time of loss. The policy specifically covered, among other losses, "direct loss by windstorm." This coverage is the center of the issues in the case.

The buildings across the street from plaintiff's building were mostly hotels "8 or 10" stories high. The one directly across the street was "7 or 8" stories. The building to the east of plaintiff's was 5 stories high. The building to the west "8 or 10" stories. To the rear of the building was about 50 feet of vacant property running to the "15 or 25" foot alley. Directly across the alley was another building of plaintiffs' about 100 feet wide and "8 or 9" stories high. The front or north end of plaintiff's building, involved in the suit, rose above the roof to about the height of the ridge of the skylight.

Plaintiffs charged that wind caused the damage and that the policy covered the damages. Defendant answered denying that the alleged damage was

covered by the policy and averred that plaintiff made no proof of loss. Plaintiffs replied that their claim had been denied during the period within which this proof of loss could be made and that, consequently, that requirement was waived.

Defendant contends that neither the allegations nor proof of damage by wind was sufficient and, furthermore, that there was no evidence tending to prove that wind caused the damage.

March 4, 1946, plaintiffs found that 30 feet of the north part of the skylight was "caved in." The day before it was intact and in good condition. It had been repaired two or three months before. A temporary cover was placed over the damaged skylight and subsequently a permanent gypsum cover was placed over it. The bill for temporary and permanent repairs was $1,065. Shortly after the damage was discovered plaintiffs made a claim for indemnity under the policy. Defendant's representative viewed the damage and thereafter on two occasions wrote plaintiffs that the collapse of the skylight was due to its poor condition and could not have been caused by the wind since only a moderate breeze prevailed the night of March 3rd. A United States Department of Commerce Weather Bulletin was introduced by plaintiffs to prove the fact of the wind. Plaintiffs' roofing contractor testified to damage caused by the wind the night of March 3rd. He said he thought the wind which blew the roof from one south side building and the chimney from another, was a west wind.

There was evidence for the defendant that the skylight was not in a good state of repair. It was badly corroded about the metal sills which rested on the foundation of the skylight.

Taking the evidence in plaintiffs' favor as true, and drawing legal inferences most strongly in their favor, the testimony is that on the morning of March 3rd the skylight was intact; that the next morning the north 35 feet or so had been flattened and

practically dropped down within the foundation; that readings taken at the Municipal Airport about 8 miles away showed a sustained south wind at 24 miles per hour for five minutes and a maximum gust of 31 miles per hour in mid-afternoon on March 3rd; and that there was a "terrific" windstorm the night of March 3rd which damaged the roof of a building at 74th and Ashland Avenue more than 9 miles away. There was no testimony about any wind or windstorm in the vicinity of plaintiffs' building nor of any damage caused by wind to any of the surrounding property. There was no interpretation of the weather bulletin from which the jury or we could determine the potential destructive force of the wind. There was no testimony by Charles Friedman or his son about a wind or windstorm in the vicinity of their home, which is a lesser distance from the Madison Street building than either the airport or the south side plant. There was no record on the weather bulletin of a "terrific" windstorm the night of March 3rd.

■ It is our view that the evidence does not fairly tend to establish that there was a windstorm or a wind sufficiently strong to cause the damage to the skylight or that the damage was caused by wind or a windstorm. *Williams v. Detroit Fire & Marine Ins. Co.*, 280 Mich. 215, 273 N. W. 452; *Sabatier Bros. v. Scottish Union & National Ins. Co.* (La. App.), 152 So. 85; *Hartford Fire Ins. Co. v. Wolf Building Co.*, 92 Fed. (2d) 7th Circuit (C. C. A. 7th Cir.) 776; *Perito v. Northern Ins. Co. of N. Y.*, 69 N. Y. Supp. (2d) 611; *Clark v. Fidelity & Guaranty Fire Corp.*, 39 N. Y. Supp. (2d) 377. The foregoing cases are cited by defendant in support of its contentions. Plaintiffs do not discuss the cases in their appellees' brief.

■ To sustain the judgment it would be necessary to infer that wind of sufficient velocity and force to do the damage alleged had prevailed in the vicinity of the Madison Street property and to infer from that inference that the prevailing wind had caused the

damage. This cannot be done. The court should have rendered judgment for defendant notwithstanding the verdict for plaintiffs.

It is unnecessary to consider any other point raised.

For the reasons given the judgment is reversed and the cause is remanded with directions to the trial court to enter judgment for defendant.

*Judgment reversed and cause remanded with directions.*

BURKE, P. J., and LEWE, J., concur.